*In re* APPLICATION OF COUNTY COLLECTOR (Nancy W. Owen, State's Attorney of Coles County, Petitioner-Appellant, v. Classic Leasing Company, Respondent-Appellee).

Fourth District   No. 4—86—0275

Opinion filed October 23, 1986.

Nancy W. Owen, State's Attorney, of Charleston, for appellant, *pro se.*

Byron L. Connell, Jr., of Mounds, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On April 8, 1985, respondent, Classic Leasing Company, a Missouri corporation, filed a petition in the circuit court of Coles County seeking an order under section 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 747) requiring the county clerk of that county to issue to it a tax deed to premises described as "The West One Half (W½) of Lot Five (5) Block One Hundred Forty-two (142) Original Town, now City of Mattoon, Coles County, Illinois." The petition was in proper form and alleged that the taxes on the premises for the revenue year 1981 had been sold to Arrowhead Development Corporation, which had assigned the certificate of purchase to respondent. Notice, as prescribed by section 266, was sent by mail to various individuals and entities including Jackie Bacon, county clerk of Coles County, advising of the filing of the petition and of a hearing to be held concerning the petition on August 20, 1985. No responsive pleadings were filed, and on August 20, 1985, the court held a hearing and entered an order directing the county clerk to issue the deed.

On September 19, 1985, respondent filed a motion seeking a vacation of the order for deed, a setting aside of the deed, and a declaration that the sale had been in error. The motion alleged that the improvements on the property sold had "deteriorated and been substantially destroyed subsequent to the tax sale and prior to the issuance of the tax deed." The motion further alleged that the city of Mattoon had found the building to be "dangerous and unsafe and not fit for occupancy." Respondent's motion was based upon section 260 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 741), which permits a circuit court to determine that a tax sale has been held in error under certain conditions and to nullify the effect of the

sale. One such ground is that set forth in the motion regarding the destruction of the improvements on the property sold for taxes.

On October 24, 1985, although no notice had been given, the court held a hearing on the foregoing motion and entered an order granting the relief requested. The order recited that respondent had waived any refund for taxes paid or any interest on those sums. On February 7, 1986, petitioner, Coles County, filed the instant petition seeking to set aside the October 24, 1985, order on the grounds that the order was void because no notice was given to it of that hearing and because the order was based on fraudulent representations of respondent. After a hearing on that petition, the circuit court entered an order on March 11, 1986, denying the relief requested by the county. Petitioner, the county, has appealed.

On appeal petitioner contends that the order setting aside the tax deed should, itself, be set aside because (1) petitioner was entitled to a notice, which it did not receive, of the pendency of the petition requesting that the sale be held to be in error; (2) respondent could not properly ask to have the tax deed set aside when it had petitioned for and received the deed; and (3) section 260 does not apply after a tax deed has been issued. We recognize the complexity of the issues involved but we need consider only petitioner's first contention. We conclude that notice should have been served on petitioner or its clerk, Jackie Bacon, of the pendency of respondent's motion to vacate the order for deed.

■ In providing for a petition for issuance of a tax deed, section 266 of the Act requires that notice of the proceedings be given to "occupants, owners and persons interested in the real estate" (Ill. Rev. Stat. 1983, ch. 120, par. 747), but also states that "[t]he county clerk shall be notified of the filing of the petition." Respondent, Classic Leasing Company, which was a petitioner in that proceeding, gave proper notice to various persons or entities who were "occupants, owners, [or] persons interested in the real estate" and also gave notice to Jackie Bacon, county clerk of Coles County. The record does not indicate that she appeared nor does it indicate that she was defaulted, but the order entered required her to execute the requested tax deed. We hold that she was a party to that proceeding and a party in her official capacity as an officer and agent of Coles County. Thus, we also hold that, as far as that proceeding and any continuation thereof, the clerk and Coles County are one and the same entity. The clerk is also the agent of the county for receipt of notice and other process.

■ Section 260 does not make clear who are the parties to a pro-

ceeding to declare a sale to have been in error, nor does it make clear to whom, if anyone, notice of the hearing in such a matter need be given. The section is also not entirely clear as to whether such proceeding may be brought where, as here, the tax deed has already issued. Respondent maintains that section 260 proceedings may be brought after issuance of the deed where, as here, less than 30 days have elapsed since the order for issuance for the deed. If section 260 proceedings may be brought after an order for a deed, they are clearly a continuation of those proceedings. In the absence of statutory language as to the notice that should be given and to whom, Supreme Court Rule 1 is significant. It states in part:

"General rules apply to both civil and criminal proceedings. The rules on proceedings in the trial court, together with the Civil Practice Law and the Code of Criminal Procedure, shall govern all proceedings in the trial court, except to the extent that the procedure in a particular kind of action is regulated by a statute other than the Civil Practice Law." 87 Ill. 2d R. 1.

The Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—101 et seq.) makes no provision for notice of subsequent filings in a case. Accordingly, Supreme Court Rule 104(b) or 105(a) is applicable to this case. (87 Ill. 2d Rules 104(b), 105(a).) Rule 104(b) states:

"Pleadings subsequent to the complaint, written motions, and other papers required to be filed shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead." (87 Ill. 2d R. 104(b).)

Thus, petitioner, through its clerk, should have been given notice of the filing of the petition seeking to hold the sale in error and notice of the date set for hearing on that petition.

■ Even if petitioner or its clerk should be deemed to have been defaulted in the proceedings for issuance of the tax deed, Supreme Court Rule 105(a) (87 Ill. 2d R. 105(a)) would have required notice to one of them. The petition to declare the sale to have been in error sought relief in addition to that sought in the petition for issuance of the deed. It sought vacation of the order for deed and a declaration that the previous sale had been in error. When such "new or additional relief" is sought, Rule 105(a) requires a more complex and detailed type of notice to parties in default. (87 Ill. 2d R. 105(a).) That type of notice was not given to anyone in regard to the petition to declare the sale to be in error.

■ The record shows that upon the entry of the October 24,

1986, order, a copy thereof was served on the county clerk. Because the county took no action thereafter until February 7, 1986, respondent contends that it should be precluded from obtaining relief because it was dilatory. Because of the intricacy of the legal problems involved, we do not deem the delay to have been undue. Moreover, the record shows that by December 12, 1985, respondent was on notice that a question was being raised as to the propriety of the October 24 order because, on that day, the city of Mattoon sought leave to intervene. This would tend to negate any prejudice that respondent might have suffered by the delay.

█ Respondent also asserts that petitioner, the county, cannot be prejudiced by vacation of the sale because respondent waived any claim to monies it had paid the county or any interest on that money. Ordinarily, under section 260 and section 261 of the Act (Ill. Rev. Stat. 1983, ch. 120, pars. 741, 742), a tax purchaser receiving relief under section 260 would be entitled to such refund or interest. However, the exposure to such claims is not the only interest that a county has in such proceedings. If respondent is not entitled to have the tax deed set aside, it would remain the owner of the premises and subject to possible liability for subsequently unpaid taxes if the property were subsequently sold after having been forfeited to the county for lack of a bidder at an annual tax sale. See Ill. Rev. Stat. 1983, ch. 120, par. 756.

For the reasons stated, we reverse the order of March 11, 1986, denying the requested relief to petitioner, Coles County, and remand the cause to the circuit court of Coles County with directions to vacate its order of October 24, 1985, finding the sale to have been in error. The circuit court shall then hold a new hearing on respondent's motion of September 19, 1985.

Reversed and remanded with directions.

WEBBER and MORTHLAND, JJ., concur.